UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONDRA McKERRICHER,

       Plaintiff,                          Case No.: 2:08-cv-15025
                                                  Hon:

v.

CLEANNET OF GREATER MICHIGAN, Incorporated,
A Michigan Corporation and CLEANNET USA, INC.,
a Maryland Corporation, STEVEN L. TESSIER,
CRAIG SANDISH and KELLY WISEMAN,
jointly and severally,

       Defendants.
_____

**Pitt McGehee Palmer Rivers & Golden**
By: Robert W. Palmer (P 31704)
Attorneys for Plaintiff
117 West 4th Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
(248) 398-9804 (F)
rpalmer@pittlawpc.com
_____

## COMPLAINT AND JURY DEMAND

      **NOW COMES** Plaintiff, **SONDRA McKERRICHER,** by and through her attorneys, Pitt, McGehee, Palmer, River & Golden, P.C., and in complaining against Defendants states as follows:

### JURISDICTION AND VENUE

      1.     Plaintiff Sondra McKerricher ("Plaintiff"), at all times material hereto resided in the City of Sterling Heights, County of Macomb, State of Michigan.

      2.     Defendant CleanNet USA, Inc., ("CUSA") is a national franchiser of commercial cleaning services, headquarters located in Columbia, Maryland, doing business nationally, which at all times, owned, operated, or alternatively controlled Defendant CleanNet of Greater

Michigan, Inc. ("CGM").

3. Defendant CGM, at all times material hereto was a Michigan Corporation, owned, operated or controlled by Defendant CleanNet USA ("CUSA"), or alternatively was the agent of CUSA, and at all times material hereto, maintained a commercial cleaning business within the State of Michigan, with its corporate office and principal place of business located in the City of Troy, County of Oakland, State of Michigan.

4. That at all times material hereto, Defendant Steven Tessier was the Senior Vice President of Defendants CGM and CUSA

5 That at all times material hereto, Defendant Craig Sandish was the Area Manager of Defendants CGM and CUSA.

6. At all times material hereto, Defendant Kelly Wiseman was the Controller of Defendants CGM and CUSA.

7. The events giving rise to this action occurred in Oakland County, Michigan.

8. That at all times material hereto, Plaintiff was an employee of Defendants CGM and CUSA having been hired in October of 1999 as a Telemarketing Manager. In 2001, Plaintiff was promoted to the position of an administrative assistant, and in October of 2006 was promoted to a position of office manager.

9. On or about November 15, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment of Opportunity Commission, ("EEOC"), alleging that she was discriminated against due to her pregnancy/gender.

10. On or about September 4, 2008, the EEOC issued a Notice of Right to Sue letter relative to Plaintiff's Civil Rights complaint and said Notice of Right to Sue letter was received by Plaintiff on September 6, 2008.

2

11. The instant action was timely filed with respect to Plaintiff's Federal claim for violation of her rights under Title VII, specifically, 42 USC § 2000e, et. seq.

12. Plaintiff brings this action for damages alleging that she was wrongfully terminated on the basis of her pregnancy/gender contrary to Title VII, the Pregnancy Protection Act and the Elliott-Larsen Civil Rights Act, MCLA § 37.2202(1) (A).

13. This Court has subject matter jurisdiction pursuant to 42 USC § 2000e, et seq. This court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 29 USC § 1367.

14. Venue is proper under 28 USC §1391(B)(C).

## COMMON ALLEGATIONS

15. Plaintiff is a female, born on September 19, 1974.

16. In October of 1999, Plaintiff was hired by Defendants CGM and CUSA, as a telemarketing manager. In 2001, she was promoted to the position of administrative assistant, and in October of 2006 was promoted to the position of office manager.

17. In December of 2006, Plaintiff became pregnant with twins.

18. Throughout Plaintiff's employment at Defendants CGM and CUSA, Plaintiff never observed any other pregnant woman working for said employers.

19. Shortly after Plaintiff's pregnancy was confirmed, she informed her immediate supervisor, Travis Eckstrom of the pregnancy.

20. On March 7, 2007, Plaintiff contacted Defendant Kelly Wiseman who, although holding the title of "controller" also acted as the Human Resource Manager, and advised Wiseman that she was pregnant. Plaintiff had this conversation with Ms. Wiseman because she knew she would be submitting forms from the State of Michigan to allow her to receive

3

Medicaid insurance relative to the birth of her twins, and knew that when the forms were turned into the company, her pregnancy would become common knowledge to the HR Department and company management.

21. That on March 19, 2007, the State aid forms were received by Defendants CGM and CUSA and they were signed by Defendant Kelly Wiseman. Immediately after this occurred, Plaintiff telephoned Defendant Craig Sandish to advise him of her pregnancy. This conversation occurred sometime between March 19 and March 23, 2007.

22. During the discussion with Craig Sandish, he initially congratulated Plaintiff and then vigorously examined her regarding her situation.

23. During the afore-described discussion, Defendant Sandish inquired where Plaintiff planned to live after the children were delivered, whether the father of the children would be involved in the raising of the children, how far along Plaintiff was in her pregnancy, Plaintiff's due date, and specifically inquired of Plaintiff as to her intentions regarding continuing employment with the company following the birth of her children.

24. During the course of the above conversation, Plaintiff indicated to Defendant Sandish that she enjoyed working at the company, had worked there for a lengthy period of time and wished to stay as a permanent employee of the company. During said conversation, Plaintiff also attempted to discuss the covering of her position while she was off on maternity leave but was told by Defendant Sandish that she need not worry about that, but that it would be taken care of later.

25. On March 20, 2007, after Defendants CGM and CUSA were made aware of Plaintiff's pregnancy, Plaintiff's ability to rollover her vacation and sick days from year to year were modified.

26. On March 27, 2007, Plaintiff received a disciplinary review memo allegedly prepared by her direct supervisor, Travis Eckstrom. The memo contained a number of criticisms and corrective instructions that were unsubstantiated and were without basis in facts.

27. When Mr. Eckstrom provided Plaintiff with the aforementioned review, he indicated that he did not author it and that the review was not from him.

28. On March 27, 2007, after receiving the review, Plaintiff telephoned Defendant Sandish and advised him that she was very upset because she had received a disciplinary review and a number of the accusations were unsupported.

29. When Plaintiff attempted to determine what factual support there was for the disciplinary memo, she was told by Defendant Sandish that he would not provide her with any factual support for the complaint, and that she was merely "stressed out because of her pregnancy".

30. On or about April 18, 2007, Plaintiff was called into a meeting by Defendant Tessier and advised that she was being terminated due to "organizational change".

31. Subsequent to Plaintiff's termination, a document was placed in her personnel file indicating that she was terminated for insubordination.

32. Plaintiff has diligently attempted to mitigate her damages, since her date of termination, but as of the date of the filing of this complaint is unemployed.

33. As a direct and proximate result of Defendants' wrongful termination of Plaintiff, Plaintiff has suffered and will continue to suffer lost wages, and other economic disadvantages of unemployment, as well as mental anguish, humiliation, and embarrassment and emotional distress resulting from discriminatory conduct of Defendants.

## COUNT I

## VIOLATION OF TITLE VII (PREGNANCY DISCRIMINATION ACT)

34. Plaintiff incorporates by reference all of the above allegations as if fully restated herein.

35. At all times material hereto, Plaintiff was an employee of Defendants CGM and CUSA and Defendants were employers or agents of Plaintiff's employer within the meaning of 42 USC § 2000e.

36. At all times material hereto, Plaintiff due to her gender, and due to her pregnancy, as recognized by 42 USC § 2000e (k), was entitled to be treated equally in her employment and was entitled to protection under Title VII.

37. Under Title VII, specifically 42 USC § 2000e, et seq, all Defendants were under a duty not to discriminate against Plaintiff because of her pregnancy/gender.

38. Notwithstanding the duty set forth above, Defendants Tessier, Sandish and Wiseman on behalf of Defendants CGM and CUSA, conspired to discriminate and did discriminate against Plaintiff due to her pregnancy, by committing each of the following acts:

    a. By modifying Plaintiff's ability to rollover her vacation and sick days from 2006 to 2007 so that the unused sick days from prior years would be lost;

    b. By participating in a decision to issue and/or in being directly involved in the issuance of a disciplinary review memo on March 27, 2007, which did not have basis in fact;

    c. By terminating Plaintiff on April 16, 2007.

39. As a direct and proximate result of Defendants' intentional gender discrimination, Plaintiff has suffered and will continue to suffer lost wages and other economic disadvantages of unemployment, as well as mental anguish, humiliation, embarrassment and emotional distress.

40. The actions of Defendants were intentional and accordingly, Plaintiff is entitled to punitive damages and seeks same.

41. Plaintiff seeks actual attorney fees and costs, as prevailing party.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor as against all Defendants, which awards her the following relief:

A. Compensatory economic and non-economic damages in an amount to be determined at trial;

B. Punitive damages;

D. Prejudgment interest, costs, and attorney fees; and

E. Other legal and equitable relief as this Court deems just and appropriate.

## COUNT II

## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

42. Plaintiff incorporates by reference all of the above allegations as if fully restated herein.

43. At all times material hereto, Plaintiff was an employee and Defendants were employers within the meaning of the Elliott-Larsen Civil Rights Act; to wit, MCLA § 37.2201(A) (B).

44. That as a female who was pregnant, Plaintiff was entitled to equal employment opportunities and Defendants were duty bound not to discriminate against Plaintiff on the basis of her pregnancy/gender.

45. That notwithstanding the duty set forth above, Defendants intentionally discriminated against Plaintiff because of her pregnancy and in so doing committed each of the following acts:

7

      a.      Modifications of Plaintiff's ability to rollover her vacation and sick days from 2006 to 2007 so that the unused sick days from prior years would be lost;

      b.      Participating in the decision to issue and/or the issuance of a disciplinary review memo on March 27, 2007, which did not have basis in fact.

      c.      Termination of Plaintiff on April 16, 2007.

46.      As a direct and proximate result of the wrongful activities of Defendants as hereinbefore set forth, Plaintiff has suffered and will continue to suffer lost wages and other economic disadvantages of unemployment, as well as mental anguish, humiliation, embarrassment and emotional distress.

47.      Plaintiff seeks actual attorney fees and costs, pursuant to the Elliott-Larsen Civil Rights Act.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor as against all Defendants, which awards her the following relief:

      A.      Compensatory economic and non-economic damages in an amount to be determined at trial;

      B.      Interest, costs and actual attorney fees;

      C.      Other legal and equitable relief as this Court deems just and appropriate.

Respectfully submitted,

**PITT MCGEHEE PALMER RIVERS & GOLDEN, P.C.**

By:    s/Robert W. Palmer
        ROBERT W. PALMER (P31704)
        Attorneys for Plaintiff
        117 W. Fourth Street, Suite 200
        Royal Oak, Michigan 48067
        rpalmer@pittlawpc.com
        (248) 398-9800

Dated: December 3, 2008

## JURY DEMAND

**NOW COMES**, Plaintiff, **Sondra McKerricher**, by and through her attorneys, Pitt, McGehee, Palmer, River & Golden, P.C., and hereby demands a trial by jury of all issues in the within cause of action.

**PITT MCGEHEE PALMER RIVERS & GOLDEN**

By:  s/Robert W. Palmer
ROBERT W. PALMER (P31704)
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
rpalmer@pittlawpc.com
(248) 398-9800

Dated:   December 3, 2008

9